**INNER CITY BROADCASTING CORPORATION, Plaintiff,**

v.

**AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, Defendant.**

**No. 83 Civ. 2952 (JFK).**

United States District Court, S.D. New York.

May 2, 1984.

---

John L. Edmonds, New York City, for plaintiff.

Mortimer Becker by Robert M. Jaffe, New York City, for defendant.

## OPINION AND ORDER COMPELLING ARBITRATION

KEENAN, District Judge:

Plaintiff, Inner City Broadcasting Corporation ("Inner"), is the owner of several radio stations including WBLS and WLIB in New York City. Defendant, the American Federation of Television and Radio Artists ("AFTRA"), is a labor union representing approximately sixty thousand performers in the fields of radio, television, phonograph recordings and related activities throughout the United States. The parties agree that this dispute arises out of the following set of facts.

AFTRA is the collective bargaining representative of radio artists employed by Inner at WBLS and WLIB. As such, AFTRA and Inner entered into two bargaining agreements (the "1980 Agreements"), dated February 16, 1980, covering the employment of radio artists at the stations. Each agreement provided for its termination on February 15, 1983, and further provided that at least sixty days prior to its termination the parties would "negotiate in good faith with respect to the terms and conditions of a new contract." Each agreement provided for arbitration of any dispute arising in connection to its terms.

On or about February 1, 1953, AFTRA employed one Irving Lewis as an Assistant Executive Secretary. In that capacity, Lewis' responsibilities included the negotiation and administration of collective bargaining agreements with employers of AFTRA members, including Inner.

On June 2, 1981, Lewis and AFTRA entered into an agreement, (the "Lewis-AFTRA Agreement"), providing that in the event of Lewis' retirement he would not without prior consent of AFTRA, which consent would not be unreasonably withheld, accept employment or perform any services for any person, firm or corporation that was either a party to a collective bargaining agreement with AFTRA, or engaged in negotiations with AFTRA with a view to entering into such an agreement.

On October 27, 1982, Lewis retired from his position with AFTRA for reasons of ill health. Shortly thereafter, he sought to be released from the non-competition provisions of the Lewis-AFTRA Agreement. His request was denied on November 18, 1982.

Pursuant to the 1980 Agreements AFTRA notified Inner, by letter dated December 10, 1982, of its desire to negotiate for a new modified agreement. On or about January 10, 1983, the radio station's general manager and AFTRA representatives agreed to meet on February 16, 1983 to begin such negotiations.

A meeting was held as scheduled on February 16, at which Inner was represented by Irving Lewis. At that meeting it was agreed that the parties would continue operating under the terms of the expired agreement until a new agreement was reached and that a second meeting would be had on February 25, 1983.

At the February 25 meeting Inner was again represented by Lewis. The next meeting was set for March 4 and the parties also agreed to set aside the week of March 7–11 for future bargaining sessions.

After the February 25 meeting, AFTRA delivered a letter to Inner objecting to Inner's employment of Lewis as its bargaining representative. On March 3, 1983 AFTRA commenced an arbitration proceeding against Inner in order to remedy what AFTRA contended constituted a breach by Inner of its contractual duty to negotiate in good faith with respect to new collective bargaining agreements both generally and by engaging Lewis as its bargaining representative.

On or about March 31, 1983, Inner commenced this action in the Supreme Court of

the State of New York, County of New York, for a declaration that the dispute was not arbitrable under the terms of the 1980 Agreements and moved, by Order to Show Cause, for a preliminary injunction staying arbitration. On April 18, 1983, AFTRA removed the case to this Court. On January 5, 1984, Inner moved to dismiss the removal petition for failure to state a claim upon which relief can be granted. Subsequently, AFTRA filed its answer and counterclaim seeking dismissal of the complaint as well as affirmative declaratory relief and an order compelling arbitration and moved this Court for an order compelling arbitration.

Having carefully reviewed the motions, supporting affidavits and memoranda of law submitted by the parties, having heard oral argument on the motions on March 20, 1984, and for the reasons stated hereafter, plaintiff's motions to dismiss the removal petition and stay arbitration are denied, and defendant's counterclaim and cross-motion to compel arbitration and dismiss the complaint are granted.*

## DISCUSSION

*Motion to Dismiss the Removal Petition*

■ The threshold issue before this Court is that of subject matter jurisdiction. AFTRA, in its removal petition, asserts the jurisdiction of this Court pursuant to section 301 of the Labor Management Relations Act. That section provides, in relevant part, as follows:

> (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185.

In support of its motions for a preliminary injunction to stay arbitration and to dismiss the removal petition, Inner argues (1) that AFTRA, by failing to do so until after the February 25, 1983 meeting, waived any right to object to Lewis' representation of Inner; (2) that by their terms the 1980 Agreements requiring arbitration of contractual disputes had expired at the time AFTRA sought to compel arbitration; and, (3) that the contractual duty to negotiate a new agreement in good faith could not require providing a bargaining representative who is satisfactory to AFTRA because 29 U.S.C. § 158(b) declares it an unfair labor practice for a labor organization to restrain or coerce an employer in its selection of a bargaining representative.

Inner's contentions raise questions of applicability and interpretation of the 1980 Agreements. As such, the suit is contractual in nature and falls within the original jurisdiction of this Court pursuant to 29 U.S.C. § 185. That section clearly provides for the jurisdiction of a United States District Court over a suit brought to declare that a dispute purportedly arising out of a collective bargaining agreement is not arbitrable thereunder. *See Black-Clawson Co., Inc. v. International Ass'n of Machinists*, 313 F.2d 179, 181 (2d Cir.1962).

*Motion to Stay Arbitration*

■ Inner contends, at the outset, that the duty to arbitrate, being strictly a creature of contract, necessarily expired on February 15, 1983, the date provided for termination of the 1980 Agreements. It is true that arbitration is a matter of contract and that parties cannot be compelled to

---

* It should be noted that although plaintiff had informed the Court that it intended to move for summary judgment, the only motions on the record are its original motion for a preliminary injunction staying arbitration and a motion to dismiss the removal petition for failure to state a claim upon which relief can be granted. Defendant, on the other hand, by moving for an order compelling arbitration, has effectively moved for summary judgment dismissing the complaint and granting it relief on its counterclaim. As there are no material facts in dispute and plaintiff has had fair and sufficient notice of defendant's position and an opportunity to respond to it on paper and at oral argument, the Court is treating defendant's cross-motion as one for summary judgment.

arbitrate if they did not so agree. However, the parties confirm that at the February 16, 1983 meeting their representatives agreed to continue operating under the terms of the 1980 Agreements until a new agreement was reached. Thus, the parties were bound by the arbitration clauses in those agreements at the time this dispute arose. Plaintiff cannot rely upon the written provision providing for expiration of the 1980 Agreements to obtain a stay of arbitration. Plaintiff has not shown that the oral extension of the 1980 Agreements is invalid or that the extension did not include the arbitration clause.

■ Further, termination of a collective bargaining agreement does not automatically extinguish a party's duty to arbitrate grievances arising under the contract. *Nolde Bros., Inc. v. Bakery Workers,* 430 U.S. 243, 251, 97 S.Ct. 1067, 1071, 51 L.Ed.2d 300 (1977). Where a dispute is over an obligation arguably created by an expired agreement, the parties' obligations under their arbitration clause survive contract termination. *Id.,* at 252, 97 S.Ct. at 1072. In the instant case, AFTRA's position is that Inner breached the general contractual duty to negotiate a new agreement in good faith as well as by engaging Lewis. This claim arose on or before February 15, 1983. Thus, regardless of the extension of the terms of the 1980 Agreements on February 16, 1983, Inner can not prevail on its motion to stay arbitration of those claims which arose on or before February 15, 1983. Of course, Inner is free to argue that no violations took place prior to the time that its contractual duty to negotiate in good faith expired. That is a defense it may present to the arbitrator.

■ Inner also argues, in support of its motion to stay arbitration, that by attending two bargaining sessions with Lewis, AFTRA waived its right to object to Lewis' presence at the bargaining table. This is also an issue to be raised at arbitration. If by failing to assert its objections to Inner's actions at an earlier time AFTRA waived any right, it waived the right to prevail on its claim that those actions violated Inner's

duty to negotiate a new agreement in good faith. It did not waive its right to have that issue resolved in the forum that the parties had agreed upon to resolve disputes. Moreover, in light of the brief time that elapsed between the alleged violations and AFTRA's notification of Inner of its objections, this Court would be hard pressed to find that AFTRA waived any rights with respect to Inner's actions.

■ Finally, Inner's claim that 29 U.S.C. § 158(b)(1)(B) precludes AFTRA from demanding arbitration of the underlying dispute is without merit. Once again, Inner has raised an argument that goes to the merits of the underlying claim—namely, whether its actions violated the duty to negotiate in good faith. This is an issue for the arbitrator, not the court.

### Motion to Compel Arbitration

■ Section 203(d) of the Labor Management Relations Act, 29 U.S.C. § 173(d), states, "Final adjustment by a method agreed upon by the parties is hereby declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective bargaining agreement." Thus, where the parties have agreed to submit all disputes arising under an agreement to an arbitrator, the function of the courts is a very limited one. *United Steelworkers v. American Manufacturing Co.,* 363 U.S. 564, 567–568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960). The Court may only inquire whether the party seeking arbitration has made a claim which on its face is governed by the agreement. Whether the party should succeed on the merits of its claim is a question of contract interpretation for the arbitrator. *Id.,* at 568, 80 S.Ct. at 1346.

■ The agreements at issue in this case provide as follows:

In the event there should be any controversy or dispute arising with respect to this contract or the interpretation or breach thereof ... any such controversy shall be settled by arbitration.

AFTRA has claimed that Inner violated a specific provision of the 1980 Agreements requiring it to negotiate a new agreement in good faith. There is, therefore, a dispute between the parties as to "the interpretation or breach" of the 1980 Agreements. This must be resolved by the method agreed to by the parties, namely, arbitration. As discussed above, the issues raised by Inner involve questions of contract interpretation. Inner will have an opportunity to have those issues fully adjudicated at arbitration. This Court would be usurping the function of the arbitrators if it passed in any way on their merits.

For the foregoing reasons, plaintiff's motions to dismiss the removal petition and stay arbitration are hereby denied, defendant's motion to compel arbitration is hereby granted and the complaint is dismissed.

SO ORDERED.