**Angelo T. KING, Plaintiff,**

v.

**The DETROIT LIONS, INC., Defendant.**

**Stanley EDWARDS, Plaintiff,**

v.

**The DETROIT LIONS, INC., Defendant.**

**Nos. 90–CV–71253–DT, 90–CV–71273–DT.**

United States District Court,
E.D. Michigan, S.D.

Sept. 12, 1990.

Ellis Boal, Detroit, Mich., for plaintiff.

Charles N. Raimi, Detroit, Mich., for defendant.

## OPINION

DUGGAN, District Judge.

This matter is before the Court on defendant Detroit Lions, Inc.'s June 27, 1990 motions to dismiss the lawsuits filed against it by plaintiffs Angelo T. King (case no. 90–CV–71253–DT) and Stanley Edwards (case no. 90–CV–71273–DT). Since these cases involve similar allegations and requests for relief, plaintiffs filed a single response to defendant's motions on August 8, 1990. In accordance with Local Rule 17($l$)(2), the Court shall decide these motions without hearing.

### FACTS

Plaintiffs Angelo T. King ("King") and Stanley Edwards ("Edwards") each filed complaints in this Court alleging that defendant Detroit Lions, Inc., breached the terms of a collective bargaining agreement which was applicable to them as employee football players and that defendant also violated the terms of individual player contracts entered into with each plaintiff by defendant.

King's complaint alleges that on September 30, 1987, he entered into an individual player contract with defendant. This contract provided that King would be em-

ployed by defendant for one year at a salary of $135,000. The contract also provided for various benefits to King if he should become injured while performing services under the contract.

Edwards' complaint alleges that in May, 1987, he entered into an individual player contract with defendant which provided that he would be employed by defendant for one year at a salary of $100,000. Edwards' contract provided benefits similar to King's contract if he should become injured while performing services under the contract.

As professional football players under contract with defendant, King and Edwards became members of a collective bargaining unit made up of other professional football players under contract with National Football League teams. The bargaining unit's representative was the National Football League Players Association ("NFPLA"). The NFPLA had negotiated a collective bargaining agreement in 1982 with the National Football League Management Council ("NFLMC") which represented the various National Football League team franchises, including defendant, in collective bargaining and other labor relations matters. The 1982 collective bargaining agreement expired on August 31, 1987. However, both parties to the agreement continued to operate under its terms while efforts were made to negotiate a new collective bargaining agreement.

In early October of 1987, King allegedly suffered an injury while playing in a football game for defendant. Later that same month defendant terminated King's individual player contract. King, via the NFPLA, filed a grievance pursuant to the Injury Grievance procedure of Article IX of the expired collective bargaining agreement in November of 1987. In December of that year the NFPLA filed a notice of appeal on the grievance pursuant to the same Article. Also in that December, defendant denied the allegations contained in King's grievance. In October of 1988, the NFPLA filed

another grievance on behalf of King, this time predicated on the Injury Protection terms of Article X of the collective bargaining agreement. In November of 1988, while King's grievances were still pending, the NFPLA renounced its status as collective bargaining representative of National Football League players, including King.

Edwards' allegations are quite similar to King's. In October of 1987, Edwards allegedly sustained an injury while playing in a football game for defendant. In November, 1987, defendant terminated Edwards' individual player contract. That same month, Edwards, via the NFPLA, filed a grievance pursuant to the Injury Grievance procedure of Article IX of the collective bargaining agreement. In December of 1987 the NFPLA filed a notice of appeal on the grievance. In January, 1988, defendant denied the allegations of the grievance. The NFPLA next filed an injury protection grievance pursuant to the Injury Protection provision of Article X of the collective bargaining agreement. When the NFPLA renounced its status as collective bargaining representative in November of 1989, Edwards' grievances were still pending.

Both plaintiffs allege that since their termination from employment, defendant has refused to pay their salaries or provide them benefits pursuant to their individual player contracts and the collective bargaining agreement. Plaintiffs now seek an order from this Court requiring defendant to compensate them for its alleged breach of contract.

Defendant has filed motions to dismiss plaintiffs' complaints. Defendant contends that plaintiff's claims are required to be submitted to arbitration for resolution under the terms of both the individual player contracts and the collective bargaining agreement.

In their complaints, plaintiffs allege that defendant violated the collective bargaining agreement by terminating their contracts while they were allegedly injured.[1] Had

<hr>

1. In their response to defendant's motions to dismiss, plaintiffs "dismiss" all portions of their claims which are based on the individual player

contracts they entered into with defendant. In doing so, plaintiffs admit that these contracts require arbitration for claims arising out of

these alleged violations occurred before the expiration of the collective bargaining agreement it is clear that the resulting dispute would have been governed by the arbitration clauses contained in Articles IX and X of the agreement.[2] Here, however, plaintiffs claim that since the alleged violations occurred after the expiration of the collective bargaining agreement, arbitration is not required and that this Court may resolve the parties' dispute.

The parties do not dispute the fact that, subsequent to the expiration of the 1982 collective bargaining agreement, the players' bargaining unit, via their representative the NFPLA, agreed with the NFLMC, of which defendant was a member, to continue to operate under the terms of the expired contract. Indeed, this agreement to continue using the expired collective bargaining agreement provides the foundation for plaintiffs' claims against defendant. Despite this fact, plaintiffs contend that the arbitration provisions of the expired agreement do not apply to their claims. This Court disagrees with plaintiffs' selective approach to the applicability of the expired agreement.

Arbitration as a means of resolving labor-management disputes is a well-established and broadly-favored principle of federal labor law. *See AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986); *Local 670 v. Int'l Union United Rubber Workers,* 822 F.2d 613, 617 (6th Cir.1987). Accordingly, the federal courts have generally found a duty to arbitrate in labor disputes where there exists some agreement to arbitrate disputes between the parties subject to a collective bargaining agreement. *AT & T Technologies, Inc.,* 475 U.S. at 650, 106 S.Ct. at 1419.

Following this policy, the Supreme Court has held that the expiration of a collective bargaining agreement does not automatically extinguish a party's duty to arbitrate grievances arising out of the agreement. *Nolde Bros. v. Local No. 358, Bakery & Confection Workers Union,* 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977). *See also John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). Also, an agreement to continue operating under the terms of an expired collective bargaining agreement is generally sufficient to require arbitration under agreement provisions that have thus been revived. *Cincinnati Newspaper Guild v. Cincinnati Enquirer,* 863 F.2d 439, 443 (6th Cir.1988) (citing *Inner City Broadcasting Corp. v. American Federation of Television and Radio Artists,* 586 F.Supp. 556 (S.D.N.Y.1984)). Further, the Supreme Court has held that an employee's claim arising under a collective bargaining agreement is subject to the agreement's arbitration provisions even though the claim arose *after* the agreement was terminated. *Nolde Bros.,* 430 U.S. at 255, 97 S.Ct. at 1074.

With such considerations in mind, plaintiffs' contention that the expired collective bargaining agreement's arbitration provisions do not apply to their claims, but that other agreement provisions do, fails to recognize the strong federal labor policy favoring arbitration as the means of resolving labor disputes arising out of collective bargaining agreements. Plaintiffs advance no arguments sufficient to overcome this policy as it applies to their claims.

Plaintiffs argue that the *Nolde Bros.* decision has been distinguished and its application narrowed by subsequent National Labor Relations Board ("Board") and fed-

---

them. Accordingly, the Court will not discuss plaintiff's claims as they relate to the individual player contracts.

**2.** Article IX, "Injury Grievance", of the collective bargaining agreement upon which plaintiffs base their claims, provides various protections to players if they are terminated from employment. It sets forth an extensive grievance procedure for resolution of claims under its terms,

including the submission of those claims to arbitration.

Likewise, Article X of the agreement, "Injury Protection", upon which plaintiffs also base their claims, provides for an "injury protection benefit" for players unable to perform under their contracts as a result of injury. It also sets forth a grievance procedure for resolution of claims, including arbitration.

eral court decisions. Plaintiffs point to a recent NLRB decision, *Indiana & Michigan Electric Co.*, 284 N.L.R.B. No. 7, 125 L.R.R.M. 1097 (1987), in support of this argument. Specifically, plaintiffs rely upon the NLRB's statement in that decision that federal courts have construed *Nolde Bros.* as applying only where the claim was capable of accruing or vesting during the life of the collective bargaining agreement and ripening or remaining enforceable after the agreement expired. *See Indiana & Michigan Electric Co.*, 125 L.R.R.M. at 1103. On this basis plaintiffs conclude that the collective bargaining agreement's arbitration provisions do not apply to the parties' dispute in the present matter because plaintiffs' claims accrued after the expiration of the agreement.

The Court finds the *Indiana & Michigan* case to be distinguishable from the case at bar. The Board's decision in *Indiana & Michigan* has drawn criticism from federal courts confronted with issues similar to those presently before this Court. For example, the Ninth Circuit has severely criticized the reasoning and holding of *Indiana & Michigan.*

In *Local Joint Executive Board v. Royal Center, Inc.*, 796 F.2d 1159 (9th Cir.1986), the Ninth Circuit rejected arguments that claims accruing after the expiration of a collective bargaining agreement were not subject to the expired agreement's arbitration procedures. *Id.* at 1163. The Ninth Circuit supported this finding by noting that the Supreme Court had implicitly rejected the use of the time of accrual of a claim as a basis for determining whether a claim was arbitrable under a collective bargaining agreement. *Id.; see Nolde Bros.*, 430 U.S. at 251-53, 97 S.Ct. at 1072-73.

Three years later, the Ninth Circuit, in *NLRB v. Litton Financial Printing*, 893 F.2d 1128 (9th Cir.1990), addressed accrual arguments similar to those advanced in *Royal Center*, this time in light of the *Indiana & Michigan* decision. The court noted that several Board decisions subsequent to *Indiana & Michigan* had failed to follow its accrual-focused approach in de-

termining the arbitrability of a collective bargaining agreement-based claim. *Id.* at 1137 (citing *United Chrome Products, Inc.*, 288 NLRB No. 130, 1987-88, NLRB Dec. (CCH) ¶ 19,436 (May 1, 1988); *UPPCO, Inc.*, 288 NLRB No. 98 (1988)). Additionally, the court endorsed the approach to *Nolde Bros.* taken in *Royal Center:*

> In *Nolde*, the Supreme Court *did not directly rely on the accruability of the right asserted* in concluding that the severance pay grievance at issue in that case was arbitrable. Instead, the Court viewed the grievance as "arising under" the expired contract because it "hinge[d] on the interpretation ultimately given the contract clause." Indeed the *Nolde* Court held that *"where the dispute is over a provision of the expired agreement, the presumptions favoring arbitrability must be negated expressly or by clear implication."*

*Id.* at 1139 (quoting *Nolde Bros.*, 430 U.S. at 255, 97 S.Ct. at 1074) (citations omitted) (emphasis added). Based on the conflicts with the Board's own cases, and using *Royal Center's* interpretation of *Nolde Bros.*, the Ninth Circuit squarely rejected the *Indiana & Michigan*-based accrual argument that was presented in the case before it. *Id.*

It should also be noted that the Sixth Circuit has found that a collective bargaining agreement-based duty to arbitrate a dispute survives expiration of the agreement in cases where a dispute arises subsequent to expiration. *International Bhd. of Boilermakers Local 1603 v. Transue & Williams Corp.*, 879 F.2d 1388, 1394 (6th Cir.1989). While the *Transue* court did not discuss *Indiana & Michigan*, it did allow an expired collective bargaining agreement's arbitration provisions to apply to a claim for severance benefits which accrued after expiration of the agreement. *Id.* Further, in *Transue* the parties had agreed to continue to abide by the provisions of the expired agreement pending the signing of a new one.[3]

3. The Court notes that there is nothing on the record before it which indicates that the parties

The Court finds the reasoning in these cases persuasive authority in the present case. In the present case facts similar to those in *Litton* and *Transue* are present: the parties agreed to continue using the expired agreement and the claims at issue arose after the agreement's expiration. *Indiana & Michigan* does not provide convincing precedent against the application of an expired collective bargaining agreement's arbitration provisions when claims under the agreement accrued after the expiration of the agreement. The Court adopts the reasoning of the Sixth and Ninth Circuits which, in essence, follows the well-established federal policy of favoring arbitration of labor disputes, including disputes, as in the present matter, based on collective bargaining agreement provisions. This result accords with the Supreme Court's decision in *Nolde Bros* and with the case law of the Sixth Circuit. As a result, this Court concludes that the expired collective bargaining agreement's arbitration provisions apply to plaintiffs' claims against defendant.

Accordingly, this Court grants defendant's motions to dismiss both plaintiff King's and plaintiff Edwards' claims against it insofar as they seek redress in this court.[4]

An order consistent with this opinion shall issue forthwith.

expressly or impliedly negated the arbitration provisions of the expired collective bargaining agreement. Plaintiffs argue that when they submitted their claims to defendant they appended written statements indicating that they reserved the right to seek redress in other forums, such as the courts. The Court does not view these unilateral attempts at modification of the collective bargaining agreement's dispute resolution provisions as convincing evidence that the parties agreed to negate the agreement's arbitration provisions.

4. Defendant's Motion to Dismiss in each case requests that the "lawsuit be dismissed and the claims sent to arbitration." The Court is not entering an Order Compelling Arbitration because such relief has not been properly sought in an affirmative manner. Furthermore, it does not appear that such an Order is necessary. Defendant acknowledges plaintiffs' right to have the dispute resolved by arbitration. It would appear to be plaintiffs' option to seek relief through the arbitration process, if, either or both plaintiffs desire to do so. However, should the parties believe that an Order Compelling Arbitration or a similar type of Order is necessary to enable either plaintiff to seek relief through the arbitration process, this Court will entertain a request for such an order.